IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DEBRA GOMEZ, Individually and :
as the personal representative of the :
Estate of JOHN H. GOMEZ, deceased :
1366 Wood View Avenue :
Calumet City, IL  60409 :
 :
       **Plaintiff** :
    **v.** :
 :    NO.  17-cv-1172
**INDIANA HARBOR BELT RAILROAD** :
**COMPANY** :
**2721 161st Street** :    **JURY TRIAL DEMANDED**
**Hammond, IN  46323** :
 :
       **Defendant** :

## COMPLAINT

    1.    This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

    2.    Plaintiff, Debra Gomez, is an adult individual residing at the above captioned address who is the widow of John H. Gomez and the Personal Representative of the Estate of John H. Gomez.

    3.    Defendant Indiana Harbor Belt Railroad is an Indiana Corporation which was, at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carriers by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

    4.    From 1968 to 2010, Plaintiff's decedent was employed by Indiana Harbor Belt Railroad as a foreman/car inspector and the injuries and damages sustained by Plaintiff's

decedent were sustained by the Plaintiff's decedent while engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

5. During the course and scope of his career with the Indiana Harbor Belt Railroad and while working in the its yards, buildings and along its right of ways, Plaintiff's decedent was exposed to various toxic substances and carcinogens including but not limited to chemicals, solvents, diesel fuel/exhaust, benzene, heavy metals, manganese and rock/mineral dust and fibers.

6. Plaintiff's decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of esophageal cancer.

7. Plaintiff's decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location.

8. The Plaintiff's decedent's cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized or carried known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

9. Defendant's negligence consisted of:

   (a) Failed to use ordinary care and caution to provide the Plaintiff's decedent with a reasonably safe place in which to work as required by the FELA;

   (b) Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's decedent's exposure to toxic materials and carcinogens;

(c) Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(d) Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(e) Failed to properly remediate known toxic materials and carcinogens from their facilities, equipment, yards, building, and right of ways

(f) Failed to periodically test employees such as the Plaintiff's decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's decedent as to the test results;

(g) Failed to warn the Plaintiff's decedent of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(h) Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's decedent, to carcinogens;

(h) Failed to provide the Plaintiff's decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens and;

(i) Failed to provide the Plaintiff's decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

10. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

11. As a direct result of the negligence of the Defendant, as herein above set forth, the Plaintiff's decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and

treatment.

12. As a result of the negligence of the Defendant, Plaintiff's decedent sustained a loss of future benefits including loss of pension benefits due to his reduced life expectancy.

13. Plaintiff's decedent suffered from a fear of death as a result of his esophageal cancer.

14. Less than three (3) years before Plaintiff's decedent Complaint was filed he first learned that his colon cancer was caused or contributed to by the negligence of the Defendant.

15. Plaintiff, Debra Gomez, who is the widow of and personal representative of John Gomez, deceased, seeks all damages recoverable under the FELA.

**WHEREFORE**, the Plaintiff, Debra Gomez, individually and as the personal representative of John Gomez, deceased, demands judgment against the Defendant, Indiana Harbor Belt Railroad Company, in a sum in excess of ONE HUNDRED & FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

BERN CAPPELLI, LLP

Date: April 24, 2017

BY: /s/ Shawn M. Sassaman
Shawn M. Sassaman, Esquire
Suite 630
101 West Elm Street
Conshohocken, PA 19428
(610) 941-4444